UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HORNBECK OFFSHORE TRANSPORTATION, LLC, <br> 103 Northpark Boulevard, Suite 300 <br> Covington, LA 70433, <br><br> and <br><br> ENERGY SERVICES PUERTO RICO, LLC, <br> 103 Northpark Boulevard, Suite 300 <br> Covington, LA 70433, <br><br> Plaintiffs, <br><br> -vs- <br><br> MIGUEL PEREZ A/K/A MIGUEL THACKER, <br> 2542 Calle Susano LaSalle <br> Quebradillas, Puerto Rico 00678, <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

For their Complaint against Defendant Miguel Perez, a/k/a Miguel Thacker ("Mr. Perez"), Plaintiffs Hornbeck Offshore Transportation, LLC ("Hornbeck") and Energy Services Puerto Rico, LLC ("Energy Services") allege and aver as follows:

**PRELIMINARY ALLEGATIONS, PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Hornbeck is a limited liability company organized under the laws of Delaware with its principal place of business located in Covington, Louisiana.

2. At all times pertinent to the claims asserted in this Complaint, Hornbeck was the owner of the Motor Vessel SEA SERVICE (the "*Sea Service*").

3. Plaintiff Energy Services is a limited liability company organized under the laws of Delaware with its principal place of business located in Covington, Louisiana.

4. Defendant Miguel Perez, a/k/a Miguel Thacker is an individual who, on information and belief, resides in Quebradillas, Puerto Rico.

5. At all times pertinent to the claims asserted in this Complaint, Mr. Perez was an employee of Energy Services assigned to the *Sea Service*.

6. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h), Federal Rules of Civil Procedure.

7. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333 (admiralty and maritime jurisdiction).

8. This case involves an actual controversy within the admiralty and maritime jurisdiction of this Court, as Plaintiffs seek a declaration of rights and liabilities of the parties to this action, pursuant to 28 U.S.C. § 2201.

9. Venue is proper in this district and in this division because the alleged incident and events giving rise to this cause of action occurred on the navigable waters of the United States in or near Toledo, Ohio, and in Toledo, Ohio.

## BACKGROUND

10. On or about July 9, 2008, Mr. Perez began a voyage aboard the *Sea Service* on the Great Lakes, which was scheduled to end on July 30, 2008.

11. On or about July 20, 2008, while the *Sea Service* was anchored at Toledo Harbor Light Sea Buoy, Toledo, Ohio, Mr. Perez claims to have sustained injuries to his back and other parts of his body.

12. Mr. Perez claims to have sustained these alleged injuries as a consequence of handling a 7" mooring line in the course of his duties as a seaman.

13. On or about July 20, 2008, Mr. Perez reported the injury to the Master of the *Sea Service* and advised the Master that he did not wish to seek medical attention for the injury.

14. On or about July 25, 2008, five days after the alleged incident, while still onboard the *Sea Service*, Mr. Perez for the first time made a request for medical assistance.

15. Upon receipt of the request for medical attention, Plaintiffs acted promptly in arranging for Mr. Perez's medical care, which included Plaintiff Hornbeck arranging for medical evaluation and/or treatment at Mercy Occupational Health at St. Charles Mercy Hospital in Toledo, Ohio ("St. Charles").

16. Dr. Short, the physician who evaluated Mr. Perez at St. Charles, diagnosed Mr. Perez with a lumbar strain and released him as Fit for Light Duty on July 25, 2008.

17. The medical history Mr. Perez provided at St. Charles included "past medical history of prior back strain."

18. Following treatment at St. Charles, Mr. Perez returned to the *Sea Service* until crew change on July 29, 2008.

19. On information and belief, Mr. Perez flew to Puerto Rico on or about July 30, 2008.

20. On August 18, 2008, in Covington, Louisiana, Mr. Perez was evaluated medically for a determination of whether he was released to return to work without restriction.

21. On August 18, 2008, Dr. Michael Kotler, a physician with the Pelican State Outpatient Center, examined Mr. Perez and found him "Fit For Duty" and provided that Mr. Perez "May Return To Regular Duty With No Restrictions."

22. Mr. Perez returned to work for Plaintiff Energy Services on August 20, 2008.

3

23. Since August 18, 2008, Mr. Perez has not provided Plaintiffs with any medical evidence or medical records indicating that he required or received treatment for any injury or illness related to the alleged July 20, 2008 incident.

24. Following Mr. Perez's return to work, he worked a schedule of "21 days on, 21 days off" for approximately 13 months. Mr. Perez did not miss any scheduled days of work during that time, and during that time he did not make any requests to Plaintiffs for medical attention for any injury or illness related to the alleged July 20, 2008 incident.

25. Mr. Perez was laid off on August 28, 2009, approximately 13 months after the alleged incident during which he claimed to have sustained injuries to his back and other parts of his body.

## **ACTUAL CONTROVERSY**

26. On February 4, 2010, a letter of representation was transmitted by the Lanier Law Firm, PC (the "Lanier Letter") to Hornbeck Offshore Services, providing notice that Mr. Perez was represented by that firm.

27. In the Lanier Letter, counsel for Mr. Perez asserted that Mr. Perez's "medical treatment had been cut off" and that Mr. Perez had not been referred to appropriate medical specialists.

28. In the Lanier Letter, Mr. Perez's counsel alleged that the employer and/or its insurer was "not providing proper maintenance payments to Mr. Perez."

29. In the Lanier Letter, Mr. Perez through his counsel made an "immediate demand for all proper and timely maintenance and cure benefits to which Mr. Perez as your Jones Act employee is entitled."

4

30. Because Mr. Perez was found "fit for duty" on August 18, 2008, and because he continued working 13 months without restriction or requesting additional medical care, Mr. Perez's current medical condition, if any, is not related to any injury sustained in the service of the *Sea Service*.

31. The Lanier Letter is the first notice to Plaintiffs following the August 18, 2008 Release To Return To Work Without Restriction that Mr. Perez claims to have continued injuries and/or maladies which he contends were sustained in the service of the *Sea Service*.

## COUNT I
### (Declaratory Judgment)

32. Plaintiffs incorporate by reference each and every allegation stated in Paragraphs 1 through 29 of the Complaint.

33. Between the time of his alleged injury on July 20, 2008, and when he was found fit for duty on August 18, 2008, Plaintiffs and/or their agents paid all cure to which Mr. Perez may have been entitled, including all of Mr. Perez's medical bills related to the alleged injury.

34. During this time period Plaintiffs and/or their agents paid Mr. Perez all maintenance to which he was entitled.

35. Plaintiffs have also paid Mr. Perez all unearned wages to which he may have been entitled.

36. Mr. Perez cannot meet his evidentiary burden of proving that his current injuries or maladies were sustained in the service of the vessel.

37. Mr. Perez cannot meet his evidentiary burden of proving that he is entitled to any maintenance, cure and/or unearned wages that have not already been paid by or on behalf of Plaintiffs.

38. For all these reasons, and because an actual controversy exists between Plaintiffs and Mr. Perez, Plaintiffs are entitled to declaratory judgment from this Court adjudicating that Plaintiffs do not owe Mr. Perez any obligation to provide further maintenance and cure and unearned wages.

WHEREFORE, Plaintiffs Hornbeck Offshore Transportation, LLC and Energy Services Puerto Rico, LLC respectfully request that this Court enter judgment in their favor declaring that:

(1) Any or Mr. Perez's current medical ailments or conditions, if any, were not sustained in the service of the *Sea Service*;

(2) Plaintiffs may legally and justifiably decline to pay maintenance and cure and unearned wages to Mr. Perez for any current alleged injuries or conditions; and

(3) Plaintiffs are entitled to all other appropriate legal and/or equitable relief as the Court deems fit and proper.

Respectfully submitted,

*/s/ Harold W. Henderson*
Harold W. Henderson (0019056)
Joshua A. Klarfeld (00798330)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
(216) 566-5500
(2160 566-5800 (FAX)
Hal.Henderson@ThompsonHine.com
Joshua.Klarfeld@ThompsonHine.com

*Attorneys for Plaintiffs Hornbeck Offshore Transportation, LLC and Energy Services Puerto Rico, LLC*