IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Hornbeck Offshore Transportation, LLC, et al., | Case No. 3:10 CV 368 |
| Plaintiffs, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Miguel Perez, | |
| Defendant. | |

## INTRODUCTION

Plaintiffs Hornbeck Offshore Transportation and Energy Services Puerto Rico filed a Complaint (Doc. No. 1) against Defendant Miguel Perez, who is a seaman employed by Plaintiffs. The dispute arises out of an injury Defendant sustained while working on Plaintiffs' vessel anchored at Toledo, Ohio. Plaintiffs seek declaratory judgment as to their "maintenance and cure" obligations to Defendant. Pending before the Court is Defendant's Motion for Discretionary Dismissal (Doc. Nos. 8-9). Plaintiffs filed an Opposition (Doc. No. 14), and Defendant filed a Reply (Doc. No. 15).

## BACKGROUND

On February 4, 2010, defense counsel sent to Plaintiffs a letter asserting claims for maintenance and cure arising out of Defendant's injury. Plaintiffs filed this lawsuit two weeks later, on February 18. Defendant filed a separate suit on March 5, 2010 in state court in Brooklyn, New York ("New York suit"). The New York suit involves maintenance and cure claims, along with negligence and seaworthiness claims.

**DISCUSSION**

Defendant argues the instant case is a preemptive suit that deprives him of his right to choose his forum for litigating Jones Act disputes, and further contends the issues in this case would more appropriately be addressed in the New York suit. Plaintiffs dispute that they are attempting to manipulate the choice of forum, and argue a declaratory judgment action in this Ohio court is appropriate.

To determine whether to dismiss a declaratory judgment action, a court should consider five factors:

1. whether the declaratory judgment action would settle the entire controversy;

2. whether the declaratory judgment action would serve a useful purpose;

3. whether allowing the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for *res judicata*;

4. whether allowing the action would cause friction between state and federal courts; and

5. whether there is an alternative remedy that is better or more effective.

*AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000)).

In this case, the first factor is a wash. Defendant argues this action would not settle the entire controversy, because he has additional claims for negligence and unseaworthiness in the New York case. However, Defendant could easily bring his additional claims as a counterclaim in the instant case. In similar circumstances, the Sixth Circuit held that the "first factor does not weigh heavily in favor of or against allowing [declaratory judgment] actions." *AmSouth*, 386 F.3d at 786.

2

The second factor weighs in favor of dismissal, as this declaratory judgment action would serve no useful purpose. The Sixth Circuit has noted that "[n]ormally, when a putative tortfeasor sues an injured party for a declaration of nonliability, courts will decline to hear the action in favor of a subsequently-filed coercive action by the 'natural plaintiff.'" *Id.* The exception to this general rule is "when some additional harm, not merely waiting for the natural plaintiff to sue, will befall the declaratory plaintiff in the meantime." *Id.* Here, Plaintiffs have not pointed to any harm that could not be remedied by resolving the dispute in the New York suit. This Court is not persuaded by Plaintiffs' argument that they had only two options: capitulate to Defendant's demands, or institute the instant suit to clarify their legal obligations. Plaintiffs could have investigated Defendant's claims and responded to his counsel's letter, rather than simply filing suit. Further, the instant case is not necessary to clarify Plaintiffs' legal obligations, as the New York suit will accomplish the same purpose.

The third factor is a wash, because both parties reasonably claim they have filed suit in an appropriate forum. Plaintiffs note that the injury and much of the medical treatment at issue occurred in this District, and many potential witnesses are located here. Defendant counters by noting that Plaintiff Hornbeck maintains an office in Brooklyn, New York, where the state court suit was filed, and that the Brooklyn office has oversight over Plaintiffs' Lake Erie operations (where Defendant's injury occurred). Further, depositions can economically preserve and present any necessary medical testimony in New York.

The fourth factor -- friction between state and federal courts -- involves three sub-factors (*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008)):

1. whether the underlying factual issues are important to an informed resolution of the case;

3

    2.      whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

    3.      whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

These sub-factors do not cut either way in this case. Both courts would be able to adequately evaluate any factual disputes, and there is no federal or state law, or public policy, that would dictate the appropriate forum. For this reason, Plaintiffs' argument that the New York suit has been removed to federal court is of no consequence.

Finally, the fifth factor is also a wash. Assuming Defendant filed his claims for negligence and unseaworthiness as counterclaims, this suit and the New York suit would provide equally efficient ways to address the dispute.

In sum, none of the factors favor retaining jurisdiction of the instant case, and the second factor favors dismissal. Plaintiffs' declaratory judgment action would serve no useful purpose that would not also be served by the New York suit, and parallel suits risk duplication of efforts and increased costs. Judicial efficiency favors a single suit. Plaintiffs offer no compelling justification for depriving Defendant -- the "natural plaintiff" -- of his choice of forum.

## CONCLUSION

For the above reasons, Defendant's Motion for Discretionary Dismissal (Doc. No. 8) is granted. This case is dismissed without prejudice.

IT IS SO ORDERED.

                                                                  s/ *Jack Zouhary*
                                                                   JACK ZOUHARY
                                                                   U. S. DISTRICT JUDGE

April 29, 2010